IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01163-WDM-MJW

GEORGE RALPH and JANICE RALPH

    Plaintiffs,

v.

SNE ENTERPRISES, INC., a Delaware corporation, and MILGARD MANUFACTURING, INC., a Washington corporation,

    Defendants.

## ORDER OF REMAND

Miller, J.

This case is before me on the Notice of Removal filed by Defendant SNE Enterprises, Inc. Defendant removed this case to this Court on June 4, 2007 on the basis of diversity jurisdiction. 28 U.S.C. § 1332. In its Notice, Defendant asserts that there is complete diversity of citizenship between the parties. However, Defendant makes no allegations sufficient to demonstrate that the amount in controversy exceeds $75,000, which is a jurisdictional requirement. Moreover, Plaintiff's complaint does not allege a specified amount of damages. Because no facts or evidence are provided to show that the amount in controversy is sufficient, I cannot find that the requirements of diversity jurisdiction are met.[1]

---

[1] Plaintiffs also filed a Motion to Remand, arguing that the Notice of Removal alleges only residency, not citizenship, and asserting that the Notice of Removal was not timely filed.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted; emphasis in the original). There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

I cannot determine from the face of the complaint the amount in controversy. Moreover, Defendant does not address this element at all in its Notice of Removal. The only indication of the amount of damages at issue is contained in Plaintiffs' District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint, filed pursuant to the Colorado Rules of Civil Procedure in the original state court action. This is a form accompanying initial pleadings that requires a party to check boxes indicating whether "Simplified Procedure" under C.R.C.P. 16.1 applies. Here, Plaintiffs checked boxes indicating that "Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a monetary judgment for more than $100,000.00 against another

party, including any attorney fees, penalties or punitive damages." I decline to construe the checking of a box on a cover sheet form to be adequate to establish the amount in controversy under the applicable standards in this jurisdiction. In light of the presumption against removal, and since no other facts or evidence are included in the Notice of Removal sufficient for me to find by a preponderance of the evidence that the requirements of section 1332 are met, remand is appropriate.

      Accordingly, it is ordered:

1.    This case shall be remanded to the District Court, Douglas County, Colorado.

      DATED at Denver, Colorado, on June 21, 2007.

                          BY THE COURT:

                          s/ Walker D. Miller  
                          United States District Judge